**UNITED STATES of America, Plaintiff,**

v.

**Eric GILMER, Defendant.**

**Cr. No. 92 CR 32.**

United States District Court,
D. Colorado.

June 5, 1992.

Charlotte J. Mapes and John M. Hutchins, Asst. U.S. Attys., for the U.S.

Warren R. Williamson, Asst. Federal Public Defender, for defendant.

### ORDER ON REQUEST FOR RECONSIDERATION

NOTTINGHAM, District Judge.

The matter is now before the court on the Government's "Request for Reconsideration, or, in the Alternative, Request for Rehearing and the Presentation of Additional Testimony" filed May 29, 1992. The request asks that I reconsider several aspects of my Memorandum Opinion and Order filed May 21, 1992, 793 F.Supp. 1545, in this case. The primary issue is whether I incorrectly relied upon a presumption against waiver of a person's Fourth Amendment rights when I held the consent search here to have been invalid. The Government correctly argues that there is no such presumption. I therefore reconsider and clarify this part of the Memorandum Opinion and Order. Because I did not

rely on the presumption, however, the order suppressing evidence will not be vacated.

**[1]** Citing *United States v. Werking*, 915 F.2d 1404, 1409–10 (10th Cir.1990), I originally stated that courts indulge every reasonable presumption against waiver of Fourth Amendment rights. *Memorandum Opinion and Order*, 793 F.Supp. at 1553. Without specifically citing *Werking*, the Tenth Circuit has expressly overruled decisions on which *Werking* relied for this proposition, reasoning that those decisions did not survive the Supreme Court's decision in *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). It thus appears that *Werking* has been implicitly overruled, and the Government is correct in noting that there is no presumption against waiver in the Fourth Amendment consent-to-search context. *United States v. Price*, 925 F.2d 1268, 1271 (10th Cir.1991). Thus, the phrase "with every reasonable presumption made against the waiver of this fundamental constitutional right" is in error and should be deleted. *See Memorandum Opinion and Order*, 793 F.Supp. at 1553 (filed May 21, 1992).

■ When this same error was made in *Price*, the Tenth Circuit remanded the case to the district court to "reconsider the factual findings regarding voluntariness and scope of consent without applying the presumption against waiver." *Price*, 925 F.2d at 1272. I therefore reconsider my factual findings. Because I did not rely on this presumption in concluding that the Government failed to meet its burden of proving the voluntariness of either defendant's or Ms. Johnson's consent, I reach the same conclusion upon reconsideration. As detailed in the opinion, I r lied upon several facts and circumstances in concluding that the Government had failed to meet its burden of proving voluntary consent. Generally, the record lacked clear evidence that specific consent was freely and voluntarily given. Moreover, the atmosphere in which consent was elicited was riddled with duress and coercion. In defendant's case, there was no convincing evidence of his consent to search anything. There was no convincing evidence that Ms. Johnson's consent was specific.

■ The Government is incorrect in asserting that the *Price* analysis applies to waiver of defendant's Fifth and Sixth Amendment rights. "The presumption against voluntary waiver of constitutional rights does not apply *in consent search cases.*" *Price*, 925 F.2d at 1270 (emphasis supplied). The *Price* court suggests that the Supreme Court has found waiver analysis to be appropriate in cases involving the Fifth and Sixth Amendments. *Id.* I nonetheless note that my conclusion concerning the Government's failure to meet its burden of proving voluntary waiver of defendant's Fifth and Sixth Amendment rights does not depend upon any presumption. I gave three separate reasons for my conclusion, none of which are determinative. *Memorandum Opinion and Order*, 793 F.Supp. at 1556.

As to the Government's other arguments, I reject them as meritless. The Government offers no legal authority contrary to my conclusion that it failed to meet its burden of proving that defendant waived his Fifth and Sixth Amendment rights. I decline to give it a second bite at the apple. I heard the evidence and judged the credibility of the witnesses in reaching my factual determinations. The Government obviously disagrees, in several instances by taking findings out of context and twisting them. I believe the record as a whole supports the findings.

Upon the foregoing findings and conclusions, it is therefore

ORDERED as follows:

1. The Government's request for reconsideration is granted in part and denied in art, as specified in this order.

2. The clerk will circulate this order to all recipients of the Memorandum Opinion and Order filed May 21, 1992.